IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN EPPS,

    Petitioner,                   No. CIV-S-04-1047 MCE KJM P

    vs.

TOM L. CAREY,                   ORDER AND

    Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is currently serving a term of nine years' imprisonment after pleading guilty to embezzlement. Resp't's Lodged Doc. #7, Ex. B. One of the factors that contributed to the length of petitioner's sentence is a provision in the California Penal Code requiring that a sentence be doubled if the person being sentenced has previously been convicted of a felony. Cal. Penal Code § 667(e)(1). Petitioner asserts, in essence, this doubling of the base term of his sentence violated his Constitutional rights.

        An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Also, federal habeas corpus relief is not available for any

/////

1

claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA). See Ramirez v. Castro, 365 F.3d 755, 773-75 (9th Cir. 2004) (Ninth Circuit affirmed lower court's grant of habeas relief under 28 U.S.C. § 2254 after determining that petitioner was in custody in violation of his Eighth Amendment rights and that § 2254(d) does not preclude relief); see also Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003) (Supreme Court found relief precluded under § 2254(d) and therefore did not address the merits of petitioner's Eighth Amendment claim).[1]  Courts are not required to address the merits of a particular claim, but may simply deny a habeas application on the ground that relief is precluded by 28 U.S.C. § 2254(d). Lockyer, 538 U.S. at 71 (overruling Van Tran v. Lindsey, 212 F.3d 1143, 1154-55 (9th Cir. 2000) in which the Ninth Circuit required district courts to review state court decisions for error before determining whether relief is precluded by § 2254(d)).  It is the habeas petitioner's burden to show that he is not precluded from obtaining relief by § 2254(d). See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

/////

/////

/////

---

[1] In Bell v. Jarvis, 236 F.3d 149, 162 (4th Cir. 2000), the Fourth Circuit Court of appeal held in a § 2254 action that "any independent opinions we offer on the merits of constitutional claims will have no determinative effect in the case before us . . . At best, it is constitutional dicta." However, to the extent Bell stands for the proposition that a § 2254 petitioner may obtain relief simply by showing that § 2254(d) does not preclude his claim, the Fourth Circuit has erred. Title 28 U.S.C. § 2254(a) still requires that a habeas petitioner show that he is in custody in violation of the Constitution before he or she may obtain habeas relief. See Lockyer, 538 U.S. at 70-71; Ramirez, 365 F.3d at 773-75.

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different.  As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law if the state court simply fails to cite or fails indicate an awareness of federal law.  Early v. Packer, 537 U.S. 3, 8 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).  Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform and "independent review of the record to ascertain whether the state court decision was objectively unreasonable.  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  In other words, the court assumes the state court applied the correct law, and analyzes whether the decision of the state court was based on an objectively unreasonable application of that law.

It is appropriate to look to lower federal court decisions to determine what law has been "clearly established" by the Supreme Court and the reasonableness of a particular application of that law.  See Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999).

/////

1    Petitioner presented his grounds for relief to the California courts through
2 petitions for collateral review.  The only court to issue a written decision concerning any of
3 petitioner's claims was the Superior Court of Sacramento County.  Pet., Ex. C; Resp't's Lodged
4 Doc. No. 4.
5    Petitioner asserts that when he committed the crime of embezzlement, California
6 Penal Code § 667(e)(1) did not require that his sentence be enhanced due to his prior 1997
7 conviction for terrorist threats under California Penal Code § 422.  Therefore, petitioner claims
8 that his being sentenced in accordance with §667(e)(1) violates the Constitution.  See generally
9 Pet. at 7-11, 14-16.
10   When petitioner pled guilty to embezzlement, he admitted to committing that
11 crime between June 15, 1998 and March 8, 2000.  Resp't's Lodged Doc. #7, Ex. C at 2.  On
12 March 8, 2000, the law changed with the passage of Proposition 21 on the March 7, 2000
13 primary ballot, so that from the March 8th date forward to the present, California Penal Code
14 § 667(e)(1) has required the doubling of a prison sentence if the person being sentenced had
15 previously been convicted of terrorist threats under California Penal Code § 422.  Resp't's
16 Lodged Doc. #7, Ex. C at 1.  Petitioner argues that this change cannot apply to him because he
17 did not commit the crime of embezzlement on or after March 8, 2000.  Pet. at 8:11-25.  However,
18 as noted above, petitioner admitted to committing embezzlement between June 15, 1998 and
19 March 8, 2000.  His admission is reasonably construed to mean he admitted to commission of the
20 crime on the two dates defining the outer bounds of this time period, as well as during the
21 interval between them.
22   Petitioner seems to suggest that the change in § 667(e)(1) could apply to him
23 only if it appears from the record that all of the acts necessary for a conviction for embezzlement
24 occurred on or after March 8, 2000.  Id.  With respect to this argument, the Superior Court of
25 /////
26 /////

1 Sacramento County found as follows:

> It is not an ex post facto violation of the law to apply a new law to a continuing course of conduct, in which some of the requisite acts are committed before the effective date of the statute, so long as the last requisite act is committed after the effective date of the statute. (People v. Grant (1999) 20 Cal.4th 150).

Resp't's Lodged Doc. #7, Ex. C at 2. The conclusion reached by the Superior Court is in accord with the Ninth Circuit Court of Appeals' decision in U.S. v. Campanale, 518 F.2d 352, 365 (9th Cir. 1975). To the extent the Superior Court implicitly determined that the time period covered by petitioner's plea included March 8, 2000, its determination is not unreasonable in light of the factual record, nor is it contrary to federal law. Petitioner's first claim must be rejected.

Petitioner also claims that the redefinition of terrorist threats as a prior offense for purposes of California Penal Code § 667(e)(1) after petitioner was convicted of terrorist threats violates the Constitution's prohibition against ex post facto laws. Pet. at 9:1-11:14. However, respondent is correct that as long as a sentence enhancement statute is in effect at the time the offense triggering sentencing is committed, it is not an ex post facto violation to allow a sentence to be enhanced under that statute by using an offense committed before enactment. See, e.g., U.S. v. Ahumada-Avalos, 875 F.2d 681, 683-84 (9th Cir. 1989). This claim must also be rejected.

Petitioner further claims that Proposition 21, which added terrorist threats as a prior offense under California Penal Code § 667(e)(1), was not actually enacted until January 21, 2001. Pet. at 11:16-13:2. Petitioner is incorrect. Under California law, initiatives and referendums become effective the day after the election in which they were approved. Cal. Const. Art. 2, § 10(a). As noted, Proposition 21 was approved by the voters on March 7, 2000 and so became effective the next day. See, e.g., In re Melvin J, 81 Cal.App.4th 742, 744 (Cal. App. 2d Dist. 2000), disapproved on other grounds, John L. v. Superior Court, 33 Cal.4th 158 (2004).

/////

1   Petitioner claims that all of the specific provisions of Proposition 21 are invalid
2   because that proposition violates California's "single subject rule." Pet. at 13:3-14:8. However,
3   a writ of habeas corpus is available only for violations of federal law. 28 U.S.C. § 2254(a).
4   Petitioner has not described how violation of California's "single subject rule" constitutes a
5   violation of federal law.[2]

6   Petitioner claims that the doubling of his sentence for embezzlement based upon
7   the fact that he was convicted of terrorist threats in 1997 violates petitioner's plea agreement with
8   respect to his terrorist threats conviction. Pet. at 14:13-15:19. In other words, it is petitioner's
9   argument that it was part of his 1997 plea agreement that, providing the law were to change
10  regarding how his 1997 conviction could be used to enhance a subsequent sentence, this change
11  could not apply to any future sentence imposed upon petitioner. However, petitioner fails to
12  point to any language in his 1997 plea agreement giving rise to this condition; nothing in the
13  record before the court supports petitioner's argument in this regard.

14  Conversely, petitioner seems to suggest that his 1997 plea agreement should not
15  be construed to contemplate that the law could be changed with respect to his 1997 plea being
16  used to enhance a subsequent sentence, and that if such a change could apply to a subsequent
17  sentence imposed upon petitioner, petitioner's plea was either not knowing or involuntary.[3] See
18  Pet. at 10:8-11:6. The court finds this argument to be disingenuous. Under any set of objective
19  criteria, an awareness of these terms would not have been a deciding factor in petitioner's
20  pleading guilty. In any case, there is no legal authority that would support the proposition that a
21  defendant pleading guilty must be informed how the resulting conviction might be used to

---

[2] Furthermore, the California Supreme Court has found that Proposition 21 does not violate the "single subject rule." Manduley v. Superior Court, 27 Cal.4th 537 (2002). This court generally must leave questions of state law to state courts. See, e.g., Bains v. Cambra, 204 F.3d 964, 972 (9th Cir. 2000).

[3] The Due Process Clause of the Fourteenth Amendment requires that a guilty plea be both voluntary and intelligent. Boykin v. Alabama, 395 U.S. 238, 242 (1969).

enhance a future sentence associated with a crime for which the defendant had not yet been charged, or that the law with respect to how the resulting conviction could be used to enhance a future sentence associated with a crime for which the defendant had not yet been charged could change. See U.S. v. Brownlie, 915 F.2d 527, 528 (9th Cir. 1990) (defendant need only be informed of direct consequences of plea; the possibility that the defendant will be convicted of another offense in the future and will receive an enhanced sentence is a not a direct consequence).

Petitioner's final claim is that his prior conviction for terrorist threats cannot be considered a prior offense under California Penal Code § 667(e)(1) because the elements of § 422 changed after he pled guilty to terrorist threats and before he pled guilty to embezzlement. Pet. at 15:20-16:11. In 1999, § 422 was amended, but only to include electronic devices as a means through which a "terrorist threat" could be made. See Cal. Penal Code § 422 (1998 & 1999). This amendment did not serve to eliminate petitioner as a person who had been convicted of terrorist threats by the time he committed the offense of embezzlement in 2000. Petitioner's final claim must be rejected.[4]

For all the foregoing reasons, the court will recommend that petitioner's application for writ of habeas corpus be denied.

The court notes that on June 1, 2004, petitioner requested that the court take judicial notice of the "Voter Information Guide" for the statewide election that occurred on March 7, 2000. Petitioner fails to establish any need for the court to judicially notice any aspect of the "Voter Information Guide." Petitioner's request will be denied.

/////

---

[4] In his traverse, petitioner asserts that his sentence enhancement under California Penal Code § 667(e)(1) violates the Constitution because that enhancement was found to be applicable by a judge rather than a jury. This argument should be rejected as it is not appropriate to raise new arguments in a traverse. Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994). Furthermore, it does not appear petitioner has exhausted state court remedies with respect to this claim as required under 28 U.S.C. § 2254(b)(1).

1  In accordance with the above, IT IS HEREBY ORDERED that petitioner's June
2  1, 2004 request that the court take judicial notice is denied; and
3  IT IS HEREBY RECOMMENDED that petitioner's application for writ of habeas
4  corpus be denied.
5  These findings and recommendations are submitted to the United States District
6  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
7  days after being served with these findings and recommendations, any party may file written
8  objections with the court and serve a copy on all parties.  Such a document should be captioned
9  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
10 shall be served and filed within ten days after service of the objections.  The parties are advised
11 that failure to file objections within the specified time may waive the right to appeal the District
12 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
13 DATED: August 21, 2007.

_____
U.S. MAGISTRATE JUDGE

1
epps2319.157