IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN EPPS,                                            No. 2:04-cv-01047-MCE-KJM P

      Petitioner,

  vs.                                                              <u>ORDER</u>

TOM L. CAREY,

      Respondent.

                                   /

      Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On September 26, 2007, judgment was entered in this court denying the petition.  On November 1, 2007, petitioner filed a notice of appeal.  Before petitioner can appeal this decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c); Fed. R .App. P. 22(b).

      Federal Rule of Appellate Procedure 22(b) requires the district court judge who rendered a judgment denying such petition to "either issue a certificate of probable cause or state the reasons why such a certificate should not issue."

///

///

1

1    The timely filing of a notice of appeal is a jurisdictional requirement. <u>Scott v. Younger</u>,
2 739 F.2d 1464, 1466 (9th Cir. 1984). Here, the time limit for filing a notice of appeal
3 following entry of judgment is thirty days. <u>See</u> Fed. R. App. P. 4(a). Petitioner's notice of appeal
4 in this action was filed more than thirty days after entry of judgment.[1]
5    The United States Court of Appeals for the Ninth Circuit has held that the issuance of a
6 certificate of probable cause cannot vest the court of appeals with jurisdiction if jurisdiction is
7 not proper in that court. <u>Hayward v. Britt</u>, 572 F.2d 1324, 1325 (9th Cir. 1978). The rationale of
8 <u>Hayward</u> applies with equal force to a certificate of appealability. For these reasons, the court
9 declines to issue a certificate of appealability.
10    IT IS SO ORDERED.

Dated: March 13, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] On January 14, 2008 the magistrate judge assigned to this case ordered petitioner to indicate when he gave his notice of appeal to prison officials for mailing in order to determine if petitioner mailed his notice of appeal within thirty days of judgment thereby rendering it timely. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 270 (1988). Although the order was properly served on petitioner, the order was returned to the court because plaintiff no longer resides at the address he provided to the court.

2